```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND


SHARON K. COATES               *
                               *
v.                             *    Civil Action No. WMN-14-3438
                               *
M&T BANK                       *
                               *
   *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## **MEMORANDUM**

Before the Court is Defendant M&T Bank's Motion to Dismiss. ECF No. 5.  The motion is ripe for review.  Upon a review of the papers, facts, and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant's motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ms. Coates – acting pro se – brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for M&T Bank's alleged retaliation against her when it promoted another M&T Bank employee over her.  Ms. Coates has been an employee of M&T Bank for 35 years, and currently serves as a Relationship Liaison.  In 2013, Ms. Coates applied for a supervisor position, but was not selected in favor of another candidate, Sheila Johnson.  Ms. Coates believes that she was passed over in retaliation for her successful prior lawsuit, and finds it "hard to believe that the individuals involved in the hiring process were unaware of my prior complaints."  ECF No. 1

at 5.  Although her personnel file contains a record of her complaint, it apparently does not note that Ms. Coates won the lawsuit.  She believes this absence is further evidence that M&T Bank was retaliating against her.  Ms. Coates also objects to the management training and "grooming" Ms. Johnson received prior to applying for the supervisor position, believing that such training and exposure gave an "unfair advantage."  Finally, Ms. Coates objects to the fact that Ms. Johnson participated in performance reviews prior to receiving the supervisor position, stating "I was not made aware that Sheila . . . had access to my personal information . . . . [or] was designated the temporary supervisor . . . . I am gravely concerned and feel that my privacy has been compromised and violated."  Id.

   Ms. Coates filed a charge with the Equal Employment Opportunity Commission (EEOC) on September 30, 2013, alleging retaliation when she was denied a promotion despite the fact that she had the "most seniority and [was] extremely qualified." ECF No. 1-2 at 2.  She received her right to sue letter on July 29, 2014.  ECF No. 1 at 3.  Ms. Coates then filed an action in this Court on October 31, 2014.

**II.  LEGAL STANDARD**

   M&T Bank has filed its Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In evaluating a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept

2

as true all well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  To survive dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  A court need not accept a plaintiff's legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

**III. DISCUSSION**

To commence a Title VII suit, a plaintiff must file a timely charge of discrimination with the EEOC, receive a Right to Sue Letter from the EEOC, and then file suit within 90 days of receiving the Letter.  42 U.S.C. § 2000e-5(f)(1).  A

3

plaintiff who fails to file within 90 days is then generally time barred from bringing an action in federal court. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). The Fourth Circuit takes a strict view of this deadline, and a claim should be considered time barred even if filed one day late. Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). The 90 day period is "clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." Id. A plaintiff acting pro se is provided no more leeway than a plaintiff represented by counsel, as "the mere fact that plaintiff is proceeding pro se does not provide an excuse for non-compliance with the filing deadline." Shelton v. Atlantic Bingo Supply Co., Civ. No. DKC-11-952, 2011 WL 4985277, at *2 (D. Md. Oct. 17, 2011).

In certain circumstances, there may be "reasonable grounds for an equitable tolling of the filing period." Id. Equitable tolling is a narrow exception to the statute of limitations and is appropriate when plaintiff is excusably ignorant of the deadline or "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). Equitable tolling operates to prevent defendants from engaging in "misconduct that prevents the

plaintiff from filing his or her claim on time." Id. Equitable tolling, however, is not appropriate where "the claimant failed to exercise due diligence in preserving [his or her] legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Ms. Coates states in her complaint that she received her right to sue letter on July 29, 2014. As a result, her 90 day period in which to file suit expired on October 27, 2014. Ms. Coates, however, filed suit on October 31, 2014, four days outside the ninety day window and provides no grounds for applying equitable tolling. Excusable ignorance of the 90 day statute of limitations is not available, as the Right to Sue letter sent by the EEOC states, in bold, that "[y]our lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." ECF No. 1-1 at 1. Nor is there any suggestion of misconduct on the part of M&T Bank that would have prevented Ms. Coates from timely filing her suit. Ms. Coates essentially concedes the tardiness of her suit, when in her Opposition to the Motion to Dismiss she "apologize[s] for [her] error in filing on October 31, 2015 [sic] rather than on October 27, 2015 [sic] as prescribed by the Right to Sue Letter . . . ." ECF No. 7 at 1. Accordingly, Ms. Coates' Title VII action is time-barred and must be dismissed.

In her Opposition, Ms. Coates also argues that, in addition to her Title VII retaliation claim, she also brings a claim for invasion of privacy.  ECF No. 7 at 2 ("I cited in my original Claim (attached) that my privacy rights have been violated.  However, there is no mention of this in the Defendant's Motion to Dismiss.").  To the extent that one could construe as a cause of action the section of Ms. Coates' complaint stating that she is "gravely concerned and feel[s] that [her] privacy has been compromised and violated," ECF No. 1 at 5, by Ms. Johnson being included on performance reviews, Ms. Coates fails to state a claim for which relief could be granted.

Although Ms. Coates states that Ms. Johnson participated in performance reviews and that she was not "made aware that Sheila was involved or had access to my personal information," she does not allege that Ms. Johnson participated in Ms. Coates' performance review or was able to view Ms. Coates' personnel file.  That M&T Bank engaged in any misconduct against Ms. Coates during performance reviews is speculative at best, and Ms. Coates' paragraph regarding performance reviews does not "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Because Ms. Coates failed to file her Title VII action within 90 days of receiving her Right to Sue Letter and

6

otherwise failed to state a cognizable claim against M&T Bank, her complaint shall be dismissed.

**IV. CONCLUSION**

For the reasons stated above, the Defendant's Motion to Dismiss shall be granted.  A separate order shall issue.

```
                       _____/s/_____
                       William M. Nickerson
                       Senior United States District Judge
```

DATED: June 23, 2015